Good morning again, Your Honors. May I please this Honorable Court, Attorney Todd Pommalolo Pommalolo, I'm back, Apples, Manuel Soto Vittini, along with Co-Counsel Jeffrey B. Rubin and Kimberly A. Williams. May I reserve two minutes for rebuttal, please? You may. There are two issues in our brief that I wish to discuss. I'm going to do them in reverse order. The second issue, I think, respectively, would suggest that the is wrong and doesn't follow Pereira for several reasons. First of which is that the Bermuda's Coda decision that the BIA issued is relying on precedent that has been reversed by the various circuits. The Daveneff case was reversed by the Seventh Circuit in the Ortiz-Santiago case by Chief Judge Wolf Wood, where she referred to the government's position in that case as absurd. And moreover, the Papa v. Holder case was reversed by Lopez v. Barr in the Ninth Circuit. Those are two essential holdings that have ruled that the two-step process is impermissible. And the BIA's decision is based on, essentially, a house of cards. Those cases are no longer valid, yet those are the cases that underlie the agency's decision in Bermuda's Coda. Pontes defers to Bermuda's Coda, and I believe that that is an erroneous interpretation of the law in light of these factors, now that the various circuits have spoken that the two-step process is impermissible in light of Pereira, and those decisions have been overturned. What happened in Mr. Sotopattini's case is he served with a putative NTA. He's given an NTA while he's incarcerated. Later on, another NTA is filed at the court that has a date and time on it. And that's the issue. Well, for purposes of issue preservation, I would just rest on that brief argument today, as well as the pages in our brief. Regarding the second issue, which is the aggravated felony determination, there's two issues here. One is whether our client was removable as charged, and the other issue is whether he's eligible for relief. So as far as removability is concerned, the NTA lists that he's an aggravated felon for one basis under the law, in that it was a drug trafficking crime. But in order to show that he's eligible for relief, we also have to show that he's not an aggravated felon under the other illicit drug trafficking section. We cited numerous cases from 11th Circuit, from the 9th Circuit, unpublished BIA decisions that suggest, for example, that there's no remuneration requirement under Massachusetts similar to the 11th Circuit case. So therefore, this crime would not be an aggravated felony under that analysis. And moreover, there's a case out of Washington, I think it's Beldinia. Beldinia dealt with a Washington state statute, and the 9th Circuit ruled that that Washington state statute required a different mental state for aiding and abetting than the federal counterpart, and therefore the crime was not an aggravated felony. The 9th Circuit then cites, too, several other states that have a similar statutory scheme, including the Massachusetts Chapter 94C Drug Crime Edition in this case. I'm confused, because I had read your brief as conceding that the Massachusetts drug trafficking violation equaled the federal drug trafficking under 841A, but that it was something about Massachusetts aiding and abetting liability that broadened it in a categorical way that went beyond federal. That's correct. So the issue really in the 9th Circuit was, just like most federal and state criminal law, whether you're an aider, abetter, or principal, you can be found guilty by a jury. Six can think you're an aider and abetter. But we're concerned with Massachusetts laws compared to 841A and compared to federal aiding and abetting. Correct. So you need to argue that the Massachusetts law basically lacks an intent requirement that the federal law has. Right. We think the 9th Circuit case does support that position. But what about handwriting? The SJC knows a lot better than the 9th Circuit what Massachusetts law provides. The aiding and abetting in Massachusetts law is more of a generalized intent, whereas I believe the federal counterpart is more of a specific intent, and that's why there would not be a categorical match. It's very similar under a categorical approach. That's the Taylor case, step one. But once you look to the ways in which the crime can be committed, under Massachusetts law, you can be found guilty as an aider and abetter with a mental state that's lesser. In other words, that mental state is broader than the federal counterpart. Then help me, because the government points to handwriting. In handwriting, the SJC says that at least with the exception of felony murder, which isn't involved here, aiding and abetting equals intentionally assisting the principal while sharing with the principal the mental state required for the crime. That sounds identical to, even perhaps more limited, than federal aiding and abetting. How is it broader? You can have knowledge and you can have intent, so you can have a generalized knowledge. No, this says aiding and abetting requires intentionally assisting the principal while sharing the mental state required for the crime. You have to have the same mental state as required by the crime, and you have to intentionally assist the principal. I'm not seeing how you point us to any Massachusetts case law that gets around that. I think that that interpretation... My notes may be wrong, but in my notes, when I read it, I have quote marks around what I said to you. So it's not so much an interpretation as it is recitation of the SJC. If I could just have one moment with it. I know the Zanetti case also changed the landmark quite a bit back in 2009 with the SJC. But again, the Ninth Circuit reached its holding. It cites the Massachusetts laws, and the statutes themselves are nearly identical in their language. Massachusetts, as the government concedes, does not apply the natural and probable consequences doctrine. And here, the 94C requires knowing or intentional actions. It also requires manufacturing, distributing, and dispensing. So distribution, for example, there's no remuneration requirement under Massachusetts law, unlike federal law. You can share drugs with somebody, and that's distributing them, but no personal gain, no financial gain. So that's one way in which there's not a categorical... But now I go back to my first question. Your brief concedes that other than the aiding and abetting, the two offenses are the same. That's correct. They appear the same. So what's remuneration got to do with aiding and abetting? There's two ways in which this can be an aggravated felony. So regarding his removability, there's one basis alleged by the government. But when we're seeking relief in the form of cancellation, we have to prove he's not an aggravated felon under any purpose. And that's where that argument comes from. We have to do the two-pronged attack on the argument. So the distribution element is different. That's one reason why we think the categorical approach applies there, and we cited those cases in our brief. And then the aiding and abetting approach is for the other version for aggravated felony drug trafficking, where we think there is a distinction as articulated by the Ninth Circuit. And it appears perhaps the Ninth Circuit's interpretation of the federal aiding and abetting statute is different than the First Circuit, which would raise a circuit-split issue that this Court, I think, would have to look at and perhaps reconsider its prior decision in light of what the Ninth Circuit has ruled. But the Ninth Circuit hasn't said that the federal aiding and abetting is any different, much less any narrower than what I just read to you. The SJC says it is. Rather, I think you're relying on its interpretation of state law, which I'm sure they took a good shot at it, but the SJC is the one who says what Massachusetts law is. I think what the Ninth was ruling was that the federal counterpart required more of a specific intent, whereas you could have a generalized intent under Washington law, which is broader and therefore not a categorical match. Good morning, Your Honors. May it please the Court, Rodolfo Saenz for the U.S. Attorney General. This Court should deny Mr. Sotovattini's petition for review for two reasons. This Court's recent published decision in Goncalves-Pontes completely disposes of the jurisdictional challenge in this case. And second, the agency properly denied Mr. Sotovattini's motion to terminate and his application for cancellation of removal because his 2018 conviction under Section 32A, subsection A, qualifies as an aggravated felony drug trafficking crime under 8 U.S.C. 1101-843-B. With respect to the criminal issue, our brief provides three alternatives in support of the categorical match. There is no dispute that Section 32A, subsection A, is the statute of conviction in this case. Or, more importantly, that its elements match those under 21 U.S.C. 841-A1. Thus, we're trying to address the main issue in this case, which is whether to compare the aiding and abetting in Massachusetts to a federal counterpart. Our arguments are threefold. First, the Court need not do the comparison to begin with under its own precedent in Lassen, Garcia-Ortiz, Mitchell, and others, as it is contradictory, inconsistent with the traditional categorical approach. Should this Court disagree and wish to engage in a comparison of the aiding and abetting elements, we first argue that there is that Section 32, or rather, aiding and abetting as applied to Section 32A, falls within the generic definition of aiding and abetting as interpreted by the Supreme Court in Duenas-Alvarez, which is natural and probable consequences. Should the Court disagree on that front and wish to apply a different route, we suggest that it should compare to the federal definition for aiding and abetting, which is found under 18 U.S.C. Section 2, and which this Court has rejected. Our first argument is that a compass liability comparison is completely irrelevant. In his opening brief, Mr. Bettini provides no justification for doing so, to the extent he relies on Valdivia Flores. Neither does Valdivia Flores. The Ninth Circuit also did not provide a reason. This Court has rejected a compass liability arguments in the criminal context. In less end, this Court provided three justifications for not engaging in such an analysis. First, it is inconsistent with the traditional categorical analysis. Under Taylor and his progeny, we compare the elements of the statute of conviction with those of the appropriate federal analog, the underlying facts of the conviction, i.e., the level of culpability of the person is completely irrelevant. Second, engaging in such an analysis is inconsistent with the nature of aiding and abetting, as understood in a modern sense. In all jurisdictions, state and federal, we've done away with the distinction between principal and aider and abetter. The end result is that we treat them the same. We convict them of the same underlying crime, and we provide them with the same punishment and penalty. So we're not talking about a completely different offense. We're talking about the same offense. So, for example, in Massachusetts, in one of the cases cited in our brief, McGarish, there you have an accomplice involved in the distribution of cocaine. He's charged under 32A, subsection A. He's not charged under a separate aiding and abetting statute. The third reason that LeSenn provided was that engaging in this sort of analysis would be inconsistent with the intent of Congress. Congress has not indicated that it does not wish to have accomplices be removable under the INA. And, indeed, doing so would be inconsistent with the modern understanding of aiding and abetting, where there is no distinction between principal and abetter, and we're not talking about the same offense. Should this Court disagree with our accomplice liability relevancy argument, our first argument would be that it should find and it should compare with the generic definition in Duenas-Alvarez. And as a preliminary matter, I just would like to remind the Court that the actus reus was not in dispute here for aiding and abetting. Mr. Sotovicini did not provide an argument as to the actus reus, so we're only focusing on comparing the elements of comparing the mens rea under Massachusetts as applied to 32A to a general target. In Duenas-Alvarez, the Court explored the scope of generic aiding and abetting. Duenas-Alvarez alleged that California taking of a vehicle statute was broader than the generic theft, because California aiding and abetting encompass natural probable consequences doctrine. In reaching its conclusion in rejecting that argument, the Court made two findings. First, that aiding and abetting is inherent in all federal statutes, and second, that generic aiding and abetting encompasses the natural probable consequences doctrine. Now, the natural probable consequences doctrine is very broad. It encompasses not only crimes that the defendant intended to achieve, but also any crimes that resulted as a result of that intention. So, for example, a person who provides a principal with a gun for the principal may also be on the hook for a murder resulting from that gun being used by the principal. Section 32A, subsection A, when we apply aiding and abetting to that state statute, the conduct falls definitely within. So, we are dealing with Chapter 274 of the Massachusetts General Law's Annotated Section 2, which, as Judge Queira mentioned earlier, requires knowing participation in a meaningful way in the commission of the principal offense, as well as the intent required to commit the underlying offense. So, applied to 32A, 32A, subsection A, has a mens rea of knowing or intentional. That's the mens rea that we're working with here. And because natural and probable consequences does not concern itself with any mental state, there is here, 32A, the application would fall within natural and probable consequences. Finally, should this Court disagree with using the generic definition for aiding and abetting, the government's position is that the Court should look to its own precedent in Encarnacion and Ford, which interprets 18 U.S.C. Section 2, which is the federal aiding and abetting statute. Now, in Encarnacion, this Court adopted the Rosman definition for aiding and abetting, which is an affirmative act and the intent facilitating the commission. And Rosman interpreted that second element, the intent facilitating the commission, as knowledge of the circumstances constituting the charged offense. This Court in Ford further clarified that we're looking really to the knowledge of the facts that make the principal's conduct criminal. The Valdivia-Flores interpretation is inapplicable here. Valdivia-Flores not only were dealing with the Ninth Circuit, but it also relied on case law that predated Rosman. So when we apply 32A, subsection A, in the context of aiding and abetting, Massachusetts courts seem to highlight the Ford definition. They seem to highlight the accomplice's knowledge of the facts underlying the offense. So, for example, in McGarish, they use the words not the person had, the accomplice had knowledge of the cocaine sale set up at the school. The person, the accomplice was the person who made the phone call setting up the drug transaction, told the principal to meet this person at a school, and the person was charged, the caller was charged with aiding and abetting distribution in the school zone under 32A. There are a number of other cases that seem to highlight the same knowledge of the underlying facts, that being, I would direct the court to Rodriguez, Hornsby, and Martinez. A final point that I'd like to make is that Mr. Sotovatini has not shown a realistic probability that the Massachusetts aiding and abetting as applied to 32A covers conduct that is outside of Ford. There are no further questions. I rest on the briefs and the arguments for today, and ask this court to deny the petition for review. Thank you. Thank you for the rebuttal. I would just again point out that it just appears as a difference of the analysis of the Section 280 aiding and abetting. The Valdivia Flores case refers to it as a specific intent, whereas this court refers to it as a general intent. If it were a general intent, then Sotovatini would be denied this petition for review. And I think that the Valdivia Flores case should be looked at by this court in determining whether that holding is of good force in this jurisdiction, because if that were the case in the Massachusetts statute, that issue here is not a categorical match, because the Massachusetts aiding and abetting would differ in that version of aiding and abetting under federal law. And for that reason, I would ask that the petition for review be allowed, in addition to the other reasons revolving around jurisdiction over the immigration court removal proceedings. There are no further questions. I will rest on my briefs and oral argument.